UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| DANIEL MOFIELD, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 2:08-0105 |
| ) | Judge Echols |
| FNX MINING COMPANY USA, INC., ) | |
| *et al.* ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

This is a putative class action under the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq.*, brought against Defendants FNX Mining Company USA, Inc. ("FNX"), DMC Mining Services Corporation ("DMC"), Mid-Tennessee Zinc Corporation ("MTZ"), and Strategic Resource Acquisition Corporation ("SRA"). Defendants FNX and DMC have filed a Motion to Dismiss or, in the Alternative, Motion to Stay Until April 9, 2009 (Docket Entry No. 46), to which Plaintiffs have responded in opposition (Docket Entry No. 56), and Defendants FNX and DMC have replied (Docket Entry No. 59).

## I. DISCUSSION

Plaintiffs seek to represent a class of approximately 200 similarly situated individuals who were employed at a zinc mine in Gordonsville, Tennessee and allegedly terminated on October 9, 2008 as part of, or as a result of, a mass layoff or shutdown. They claim their terminations violated the WARN Act because they were not provided at least 60 days prior written notice.

In their Amended Complaint, Plaintiffs allege that while they were "on the payroll of" DMC and MTZ at the time of the terminations, all of the Defendants were a "single employer" for purposes of the WARN Act, not only with respect to the Gordonsville facility, but also with respect to

1

additional facilities. (Am. Complaint ¶¶ 2 & 8). Plaintiffs also allege that SRA is the owner of MTZ and that FNX purchased ten million dollars worth of shares in SRA in February 2008. (Id. ¶¶ 13-15). They further allege that Defendants SRA and DMC were parties to a project management agreement in relation to the facility, and that DMC was a wholly owned subsidiary of FNX.

In the Motion to Dismiss or Stay, Defendants FNX and DMC raise several arguments. They argue Plaintiffs fail to state a WARN Act violation because they were not terminated; they were temporarily laid-off, and it was not anticipated that the layoffs would last six months so as to require the issuance of WARN Act notices. For much the same reasons, they argue Plaintiffs' claims are not ripe and thus the Court should either dismiss the case or stay discovery until April 9, 2009, which is six months after the implementation of the lay-offs. Finally, Defendant FNX argues that the Court lacks personal jurisdiction over it.

After the Motion to Dismiss or Stay was filed two things occurred which affect the Motion. First, Magistrate Judge Griffin entered an Order denying the request for a stay.[1] (Docket Entry No. 68). In doing so, Magistrate Judge Griffin indicated that the Defendants were no longer contending that the action should be dismissed pending a defined "employment loss," in light of the fact that Defendants MTZ and SRA filed notices of bankruptcy on January 19, 2009.[2] She also noted that DMC and FNX's counsel "acknowledged that there no longer appears to be grounds to stay proceedings against Defendant FNX because the plaintiffs will, in any event, proceed against

---

[1] After filing the pending alternative Motion to Stay Until April 9, 2009 (Docket Entry No. 46), Defendants FNX and DMC filed a second Motion to Stay Discovery (Docket Entry No. 51). Magistrate Judge Griffin denied both motions (Docket Entry No. 68).

[2] All proceedings against SRA and MTZ were stayed in this Court by Order entered January 20, 2009 (Docket Entry No. 58). Subsequently, Plaintiffs filed a Notice of Voluntary Dismissal (Docket Entry No. 61) and Magistrate Judge Griffin dismissed the claims against Defendants SRA and MTZ without prejudice (Docket Entry No. 68).

2

defendant DMC and the plaintiff will be able to obtain discovery from defendant FNX." (Id. at 2). Second, in light of that Order and the bankruptcy filings by MTZ and SRA, Defendants DMC and FNX concede in their reply brief that they are no longer contending that this action should be dismissed or stayed pending a defined employment loss under the WARN Act. However, Defendant FNX maintains it should be dismissed as a party for lack of personal jurisdiction. (Docket Entry No. 59). Accordingly, the Court turns to that issue.

In support of its challenge to personal jurisdiction, FNX submitted the Affidavit of Ronald Gagel ("Gagel"), a Director, Senior Vice President, and Chief Financial Officer of FNX. In his Affidavit, Gagel states that FNX has never been licensed to do business in Tennessee; FNX does not systematically and continuously transact business in Tennessee; FNX does not own any property in Tennessee; and FNX does not maintain a place of business or office, or have any employees in Tennessee. (Gagel Aff. ¶¶ 3-7). In response, Plaintiffs generally point to the allegations in their complaint that all of the Defendants constituted a single employer for purposes of the WARN Act, that DMC was the wholly owned subsidiary of FNX, FNX purchased a substantial number of shares in SRA, and SRA and DMC were parties to a project management agreement relative to the operation of the mine. In reply, FNX argues resort to the Amended Complaint is insufficient given its challenge to personal jurisdiction and the filing of Gagel's affidavit.

The burden to establish the jurisdiction of the Court is on the Plaintiff. Third Nat'l Bank v. Wedge Group Inc., 882 F.2d 1087, 1089 (6th Cir. 1989); Inter-City Prod. Corp. v. Willey, 149 F.R.D. 563, 570 (M.D. Tenn. 1993). In order for this Court to have personal jurisdiction over the Defendants, the Plaintiff must show the Defendants have sufficient minimum contacts with Tennessee such that "the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); Young v. Track, Inc., 324 F.3d 409,

3

417 (6th Cir. 2003). Minimum contacts exist where the Defendants purposefully avail themselves of the privilege of conducting activities within the forum state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). Defendants who invoke the benefit and protections of the state's laws "should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

Personal jurisdiction may be either general or specific. "General jurisdiction is established 'when a defendant has continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power with respect to any and all claims.'" Fortis Corporate Ins. v. Viken Ship Mgmt., 450 F.3d 213, 218 (6th Cir. 2006)(citation omitted). Specific jurisdiction "'subjects the defendant to suit in the forum state only on claims that arise out of or relate to a defendant's contacts with the forum.'" Id. (citation omitted).

As FNX points out, it has filed an affidavit which suggests an utter lack of contact with Tennessee. However, it does not appear readily apparent that Plaintiffs can challenge such assertions without discovery on the issues of FNX's role in the ownership and operation of the mine, or the connection between FNX and DMC and/or any of the other Defendants. While the issue of personal jurisdiction may be separate from the issue of whether Defendants were single employers, see, Bogth v. Greenmarine Holding, LLC, 2002 WL 534542 at *3 (N.D. Ga. 2002), it does not appear that Plaintiffs are in a position to adequately prove personal jurisdiction over FNX without some discovery.

Issues relating to personal jurisdiction and venue are highly fact-intensive. The Supreme Court has noted that "where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 n. 13 (1978). In recognition of this, many courts defer ruling on motions to dismiss for lack of personal

jurisdiction until the parties have had an opportunity to conduct discovery relating to establishing jurisdiction. See, Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) ("Resolution of a pretrial motion that turns on findings of fact for example, a motion to dismiss for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2)-may require some limited discovery before a meaningful ruling can be made."); VM Serv's. v. Two Men and a Truck/Inter'l 2008 WL 5137004 at *3 (W.D. Mish. 2008)(indicating that court had previously permitted plaintiff limited discovery on the issue of personal jurisdiction); Clearview Software Intern., Inv. v. Ware, 2008 WL 4449381 at *4 (D.N.H. 2008)(allowing defendant to renew motion to dismiss for lack of personal jurisdiction if warranted after 60 day discovery on issue of contacts with the forum). The Court finds this to be the appropriate course in this case and FNX will not be unduly burdened since FNX is already operating under discovery deadlines set forth in Magistrate Judge Griffin's February 3, 2009 Order.

## II. CONCLUSION

Accordingly, the Motion to Dismiss or Stay will be denied. However, FNX may renew its Motion to Dismiss for lack of personal jurisdiction after the parties have had the opportunity to engage in discovery relating to FNX's contacts with Tennessee. The parties will be afforded sixty (60) days from the entry of the accompanying Order within which to complete any discovery bearing on the issue of personal jurisdiction over Defendant FNX.

An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE